STATE OF CONNECTICUT *v.* WILLIAM COTTON III
(AC 21832)

Foti, Flynn and Dupont, Js.

Argued March 28—officially released April 30, 2002

*David S. Moreshead,* special public defender, for the appellant (defendant).

*John A. East III,* assistant state's attorney, with whom, on the brief, were *Kevin T. Kane,* state's attorney, and *Stephen M. Carney,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, William Cotton III, appeals from the judgment of conviction, rendered after a jury trial, of sale of cocaine by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b). On appeal, the defendant claims that the trial court improperly failed to provide the jury with a definition of the term "drug dependency" in its instructions to the jury, thereby committing plain error.[1] We agree and reverse the judgment of the trial court.

---

[1] The defendant admits that this claim is unpreserved and, during oral argument, withdrew his claim of review pursuant to *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989), conceding that the error claimed was nonconstitutional in dimension. We review the claim under the plain error doctrine. Practice Book § 60-5.

The defendant did not testify at trial but advanced alternative theories of defense, one of which was that he had demonstrated by a preponderance of the evidence that he was a drug-dependent person as contemplated by § 21a-278 (b). The court, in its final instructions to the jury, defined the essential elements of the crime of sale of cocaine by a person who is not drug-dependent and the defendant's burden of proving drug dependency by a preponderance of the evidence. The instruction also defined what such a burden meant. The court further instructed that if the jury found "that the state has proven beyond a reasonable doubt each of the elements of the offense, and the defendant has failed to prove drug dependency by a preponderance of the evidence, you shall find the defendant guilty. If you unanimously find that the state has failed to prove beyond a reasonable doubt each element of the offense, or that the defendant has proven drug dependency by a preponderance of the evidence, you shall find the defendant not guilty of a violation of [the statute]." The court also instructed the jury that if it found the defendant not guilty under § 21a-278 (b), it could consider the lesser offense under General Statutes § 21a-277 (a). The trial court never defined "drug dependency" either by reading the statutory definition or by providing a diagnostic definition. See General Statutes § 21a-240 (18) and (19).

This appeal is controlled by *State* v. *Marrero*, 66 Conn. App. 709, 785 A.2d 1198 (2001). We hold that the court's failure to instruct the jury as to drug dependency in accordance with the term's statutory definition or otherwise constitutes plain error.

The judgment is reversed and the case is remanded for a new trial.